UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKY LEE PEDIGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:06-cv-1701-DFH-TAB |
| ) | |
| CHRIS WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Ricky Pedigo is a prisoner and a believer in the Wiccan religion. He has sued an official of the Putnamville Correctional Facility in his official capacity, seeking injunctive relief to remedy an alleged violation of his First Amendment rights. Pedigo ordered two books about his religion: *Scottish Witchcraft and Magick: The Craft of Picts* by Raymond Buckland and *A Practical Guide to the Runes: Their Uses in Divination and Magic* by Lisa Peschel. Prison officials notified Pedigo that the mail room was withholding both books from Pedigo because they contained witchcraft and that their possession was not allowed in the prison. Pedigo filed a grievance and exhausted his administrative remedies before filing this suit under 42 U.S.C. § 1983.

Both parties have filed motions for summary judgment on the merits of plaintiff's First Amendment claims. The record indicates some disagreement

within the prison about the suitability of these books and whether they actually pose any threat to prison security or discipline. Compare Pl. Ex. D2 with Affidavits of Osburn and Phipps. The record also indicates that the present prison policy allows practitioners of Wicca to possess their own Book of Shadows. Beyond that, the policy allows only one book about the Wiccan religion, *Wicca: A Guide for the Solitary Practitioner* by Scott Cunningham. The prison prohibits the books plaintiff wants because they contain information about spells that he might cast on other inmates and information about writing in code, in runes.

The constitutional standard is reasonableness, as spelled out in *Turner v. Safley*, 482 U.S. 78, 89-90 (1987), based on at least four factors. First, there must be a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forward to justify it. The second factor is whether alternative means remain open to inmates to exercise the right. The third is the effect that accommodation of the asserted constitutional right will have on guards, other inmates, and the allocation of prison resources. The fourth is the existence or absence of ready alternatives to the prison policy.

The court concludes that the record is insufficient to grant either party's motion for summary judgment in light of the multi-factor test and conflicting arguments and evidence. The court will schedule a bench trial in the near future. Before trial, it will be necessary for the prison to give plaintiff some access to the disputed books, perhaps under supervision in the prison library, since the books

will need to be available as evidence in the trial. In all likelihood, other relevant books will also be needed as evidence. The court will issue a case management order in the near future that will try to ensure the timely exchange of exhibits that either side will offer at trial, and the names of witnesses, including any prison officials and employees whom plaintiff wishes to call.

The defendant has raised the issue of qualified immunity, but plaintiff seeks only injunctive relief, so the immunity defense does not apply. See *Wood v. Strickland*, 420 U.S. 308, 314 n.6 (1975); *Greenawalt v. Indiana Department of Corrections*, 397 F.3d 587, 589 (7th Cir. 2005).

Accordingly, both parties' motions for summary judgment (Dkt. Nos. 23 and 27) are hereby denied.

So ordered.

Date: March 27, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-4-

Copies to:

Ricky Lee Pedigo
DOC 895603
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135

Betsy Isenberg
Deputy Attorney General
Indiana State Attorney General
Betsy.Isenberg@atg.in.gov